IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY C. COOPER,<br><br>    Defendant. | **ORDER DENYING PETITION FOR REMOVAL**<br><br>Case No. 2:08-CV-63 |

Proceeding pro se, Defendant Jerry C. Cooper has filed a "Notice of Removal" of his criminal case from the Third Judicial District Court, Salt Lake County, State of Utah, to the United States District Court for the District of Utah. Defendant alleges that removal is proper in this case, pursuant to 28 U.S.C. § 1443, because he "has been denied or cannot enforce in the courts of the state of Utah rights under the constitution [sic] and laws of the United States secured and guaranteed to all persons within the jurisdiction thereof." Defendant's Notice of Removal at 1, Dkt. No. 1. Specifically, Defendant alleges that the State court judge has acted "contrary to his sworn oath of office" in violation of the Utah Constitution and the First, Fifth, and Sixth Amendments to the United States Constitution. *Id*. at Exh. 2, pg. 2.

**Analysis**

**I.    28 U.S.C. § 1443(1)**

Section 1443(1) of Title 28 entitles defendants to remove criminal prosecutions involving an alleged violation of their civil rights to federal court if they can show: (1) "that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,'" and (2) "that they are 'denied or cannot enforce' that right" in state court. *State of Ga. v. Rachel*, 384 U.S. 780,

788 (1966) (quoting 28 U.S.C. § 1443(1)).  Removal is only appropriate where both requirements are met.  *Id*.

In the present action, Defendant has failed to meet either requirement.  "[T]he reference in § 1443(1) is to 'equal civil rights.'  That phrase . . . does not include the broad constitutional guarantees of the First, [Fifth, and Sixth] Amendment[s]."  *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 825 (1966).  Rather, it is limited to those rights clearly annunciated in the specific federal statutes that provide for equal civil rights – for example, the Civil Rights Act of 1866 and the Civil Rights Act of 1964.  *Rachel*, 384 U.S. at 789-90. Any other construction would lead to the absurd result that every criminal action brought in state court could be removed by a simple assertion that the defendant is unable to receive a fair trial in state court.  *Peacock*, 384 U.S. at 832.

'Equal civil rights' as used in § 1443(1), is limited to those statutes and laws "providing for specific civil rights in terms of racial equality."  *Rachel*, 384 U.S. at 792.  Defendant's broad claims under the First, Fifth and Sixth Amendments "cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."  *Id*.

Similarly, Defendant has failed to meet the second requirement of § 1443(1).  To take advantage of § 1443(1), Defendant must show not only that he is being deprived of a right clearly annunciated in a federal civil rights statute, but also that it is a right that the state in which prosecution is brought does not recognize or honor.  In this case the state courts of Utah do seek to honor the constitutions of Utah and of the United States.  Therefore, before Defendant

is entitled to a review of his claims by a federal court, he must first seek vindication in the trial and reviewing courts of the State of Utah.[1]

### II.     28 U.S.C. § 1443(2)

Under § 1443(2) a criminal prosecution may be removed to federal court for 'any act under color of authority derived from any law providing for equal rights . . . ." 28 U.S.C. § 1443(2).  The Supreme Court has held that "this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties."  *Peacock*, 384 U.S. at 815.  Accordingly, this subsection does not apply to Defendant and this case cannot be removed under this subsection.

### Conclusion

For the foregoing reasons, Defendant Jerry C. Cooper's petition for removal is DENIED. This case, therefore, is remanded to the Third Judicial District Court of Salt Lake County.

**IT IS SO ORDERED:**

DATED this 4th day of February, 2008.

Dee Benson
United States District Judge

---

[1]*See Peacock*, 384 U.S. at 828.
> The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.  Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.