IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH,<br><br>  Plaintiff,<br><br>vs.<br><br>JERRY C. COOPER,<br><br>  Defendant. | **ORDER DENYING SECOND PETITION FOR REMOVAL**<br><br>Case No. 2:08-CV-63 |

  Before the Court is Jerry C. Cooper's Second Notice of Removal of his criminal case from the Third Judicial District Court, Salt Lake County, State of Utah, to the United States District Court for the District of Utah.  On January 23, 2008, Mr. Cooper filed his First Notice of Removal alleging that removal is proper in this case, pursuant to 28 U.S.C. § 1443, because he "has been denied or cannot enforce in the courts of the state of Utah rights under the constitution [sic] and laws of the United States secured and guaranteed to all persons within the jurisdiction thereof."  Defendants Notice of Removal, pg. 1, Dkt. No. 1.  After reviewing the substance of Mr. Cooper's First Notice, the Court found that removal was not proper under 28 U.S.C. § 1443 and denied Mr. Cooper's petition.  *See* Order Denying Petition for Removal, Dkt. No. 2.  Specifically, the Court found that Mr. Cooper failed to allege a violation of his civil rights and to show that the state courts of Utah did not recognize these rights as required by 28 U.S.C. § 1443(1).  Additionally, the Court found that Mr. Cooper failed to demonstrate that he was being prosecuted for an act he committed in an official capacity as an officer of the United States as required by 28 U.S.C. § 1443(2).  *Id*. at 1-3.

Mr. Cooper has now filed a Second Notice of Removal alleging virtually the same grounds as the First Notice of Removal, but adding a claim under 42 U.S.C. § 1983 for a violation of his civil rights.

## Discussion

Under § 1446(c)(1) a notice of removal of a criminal prosecution must be filed within thirty (30) days of the defendant being arraigned in state court.  28 U.S.C. § 1446(c)(1).  Mr. Cooper's arraignment took place nearly one year ago on March 12, 2007.  Therefore, the time for Mr. Cooper to file a notice of removal has long passed and his petition could be denied on this ground alone.

Mr. Cooper's Second Notice of Removal also fails under 28 U.S.C. § 1446(c)(2).  This section states that "failure to state grounds which exist at the time of the filing of the [first] notice shall constitute a waiver of such grounds, and a second notice may be filed *only* on grounds not existing at the time of the original notice."  28 U.S.C. § 1446(c)(2) (emphasis added).  As stated above, Mr. Cooper's First Notice of Removal was filed on January 23, 2008.  In his Second Notice of Removal, Mr. Cooper has alleged violations of his civil rights that occurred from August 20, 2007 through January 23, 2008.  Because these alleged civil rights violations existed at the time of the filing of Mr. Cooper's First Notice of Removal, he has waived his right to raise them now.

Not only does Mr. Cooper's Second Notice of Removal fail based on the procedural defects described above, it also fails substantively for the same reasons articulated in the Court's previous Order.  Order Denying Petition for Removal, Dkt. No. 2.   Although Mr. Cooper has

now plead a violation of his civil rights, which he did not do in his First Notice of Removal, he has again failed to show that his civil rights cannot be enforced in the state courts of Utah. *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966) (citing 28 U.S.C. § 1443(1)). Similarly, Mr. Cooper has again failed to demonstrate that he is being prosecuted for an act he committed as a federal officer. *See City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966) (citing 28 U.S.C. § 1443(2)). Therefore, Mr. Cooper's Second Notice of Removal also fails under 28 U.S.C. § 1443.

## Conclusion

For the reasons stated above, Jerry C. Cooper's Second Notice of Removal is DENIED. The Court will not address any further notices of removal from Mr. Cooper unless he obtains leave from the Court to file such notices. 28 U.S.C. § 1446(c)(1).

**IT IS SO ORDERED:**

DATED this 26th day of February, 2008.

*Dee Benson*

Dee Benson
United States District Judge